IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NANCY HERNANDEZ-RIOS,

      Plaintiff,

v.                                                                          CIV 09-0615 JEC/GBW

MANAGEMENT & TRAINING CORPORATION,
and CARLOS "CHARLIE" MCARLEN,

      Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED PETITION

THIS MATTER is before the Court on Plaintiff's Motion for Leave to File First Amended Petition, filed on November 11, 2009. *Doc. 16.* Defendants have filed a Response in Opposition. *Doc. 19.* Plaintiff's proffered amended complaint is very similar to its original complaint with the addition of causes of action under 42 U.S.C. § 1983 and the United States Constitution.

Rule 15(a), which governs such requests, commands that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of the amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Defendants oppose permitting the amendment stating: "Plaintiff's motion offers no basis whatsoever for granting the motion to amend. There is no reason given for why the amendment is proper given the alleged facts in the case, no explanation for why Plaintiff has waited more six (6) months to seek leave to amend, and no legal grounds supporting the proposed amendment." *Doc. 19* at 1-2.

Defendants, however, have not established any of the justifications contemplated by *Frank*. While Defendants do point to the six-month delay from the original filing until the requested amendment, it can hardly be considered "undue delay" given that this Court's scheduling order permitted Plaintiff to amend its pleading and add parties until December 12, 2009. Defendants also highlight the fact that the named individual defendant, Carlos "Charlie" McArlen, never worked for Management & Training Corporation. Perhaps this fact could support an argument that leave to file should be denied on the basis of "futility of amendment," except that this apparent misidentification was present in the original complaint. So, whereas the claim against Mr. McArlen may be futile, the amendment is not necessarily so.

Therefore, Plaintiff's Motion for Leave to File First Amended Petition shall be granted. Plaintiff is directed to file the amended complaint which was attached to her motion as an exhibit.

IT IS SO ORDERED.

_____
United States Magistrate Judge