IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NANCY HERNANDEZ-RIOS,

    Plaintiff,

v.                               Case No. CV-09-615 JC/GBW

MANAGEMENT & TRAINING CORPORATION,
and CARLOS "CHARLIE" MCARLEN,

    Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR COSTS

THIS MATTER is before the Court on Defendant's Motion for Costs Associated with Plaintiff's Deposition. *Doc. 54.* The matter was fully briefed as of August 26, 2010, and the Court held a hearing on the Motion on September 8, 2010. *See Docs. 57, 66, 69.*

The material facts are not in dispute. On June 29, 2010, at 9:00 a.m., Plaintiff was scheduled to be deposed by Defendant's counsel in El Paso, Texas. Because Plaintiff is a citizen and resident of Mexico and not of the United States, she would be required to obtain a temporary visa to enter the United States for her deposition. On June 19, 2010, six business days prior to the deposition, Plaintiff's counsel faxed the necessary paperwork to the Mexican consulate. On June 23, 2010, four business days prior to the deposition, the Mexican consulate forwarded the paperwork to the appropriate United States agency requesting the visa for Plaintiff. Late on Sunday, June 27, 2010, Plaintiff arrived at the relevant Port of Entry to collect her visa and enter the United States. At that time,

government officials indicated that her visa was being denied and her entry denied. The next day, which was the day before the scheduled deposition, Plaintiff's counsel spent much of the day at the Port of Entry (POE) attempting to convince the government officials to grant the visa. Nonetheless, the visa and entry was again denied.

On June 29, 2010, Plaintiff's counsel returned to the POE to meet with supervisory officials about the visa denial. That morning, at 8:30 a.m., Defendant's counsel was first notified about the visa difficulties. At 11:00 a.m., Plaintiff's counsel was notified that a one-day visa would be granted if Plaintiff was escorted at all times by a law enforcement officer. Plaintiff's counsel procured such an escort and the next day Plaintiff was admitted on a one-day visa. Plaintiff was deposed that day, June 30, 2010.

Defendant seeks an order compelling Plaintiff to pay the costs of the one-day delay. Specifically, Defendant seeks reimbursement for the costs of: (1) the interpreter for June 29, 2010 ($600); (2) the court reporter for June 29, 2010 ($225); and (3) the attorney's fees for June 29, 2010 ($525).

Under FED. R. CIV. P. 30(d)(2), the court "may impose an appropriate sanction – including reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent." While not explicit in the Rule, the Court concludes that bad faith conduct is not required for the imposition of sanctions. When construed "to secure the just, speedy, and inexpensive determination of every action and proceeding," it follows that sanctions may be imposed if a party fails to

act reasonably to avoid the delay and unnecessary expense of a deposition. *See* FED. R. CIV. P. 1. While it is apparent to the Court that the primary cause of the delay and unnecessary expense of Plaintiff's deposition was government official action, the Court finds that Plaintiff or Plaintiff's counsel did not act entirely reasonably to avoid these issues. First, Plaintiff did not initiate the visa request until six business days before the deposition. Given that the paperwork was going to be routed through the Mexican consulate, the process should have been started earlier.[1] Second, Plaintiff was aware of the first visa denial late on June 27, 2010, and Plaintiff's counsel was aware of the denial on the morning of June 28, 2010. Nonetheless, Defendant's counsel was first informed that there was an issue at 8:30 a.m. on June 29, 2010, which was 30 minutes before the scheduled start of the deposition. This unnecessary delay was particularly significant because, if Defendant's counsel had been promptly notified the morning of June 28, he could have avoided the expense of the interpreter and court reporter for June 29. While neither of these failures by Plaintiff was egregious or in bad faith, they must be weighed against the fact that Defendant did not contribute in any way to the delay or extra day of expense of the deposition.

---

[1] In addition, it appears from the pleadings that Plaintiff had been previously removed or deported from the United States by Immigration and Customs Enforcement personnel. Given that background, difficulty in obtaining a visa for her would be all the more foreseeable.

Therefore, I will grant Defendant's Motion for Costs in part and order Plaintiff to reimburse Defendant for the costs of the interpreter and court reporter for June 29, 2010.

However, I will deny Defendant's Motion for Costs as to the attorney's fees incurred on June 29, 2010. This distinction is based on the following rationales: (1) Even with a timely notification of Defendant's counsel about the visa problems which developed, Plaintiff likely could not have avoided the waste of June 29 for Defendant's counsel; (2) Plaintiff's counsel spent nearly two full days (June 28 and 29) fighting for the visa for her client; and (3) Plaintiff also incurred the expense of the escort for Plaintiff. Under these circumstances, ordering reimbursement of Defendant's counsel's fees for June 29 would not be equitable.

WHEREFORE, it is ordered that Plaintiff shall pay to Defendant Management & Training Corporation the amount of $825.00.

_____
HON. GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE