IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NANCY HERNANDEZ-RIOS,

    Plaintiff,

v.                                                     Case No. CV-09-615 JEC/GBW

MANAGEMENT & TRAINING CORPORATION,
and CARLOS "CHARLIE" MCARLEN,

    Defendants.

<u>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL</u>

THIS MATTER is before the Court on Plaintiff's Motion to Compel Discovery. *Doc. 64.* The matter is fully briefed, and the Court held a hearing on the Motion on November 15, 2010. *See Docs. 72, 77, 93.*

In this Motion, the first disputed discovery matter is a request to produce all disciplinary documentation for Christopher Diaz. Plaintiff explicitly includes in this request discipline relating to three suspected incidents involving Christopher Diaz. For the reasons explained at the hearing, the Court will deny the broad request for all documentation of disciplinary action against Diaz. The Court has conducted an *in camera* review of Diaz' personnel file which includes documentation of disciplinary action and other personnel information. Applying the standard that discovery be "reasonably calculated to lead to the discovery of admissible evidence," the Court concludes that the majority of the documents are not discoverable. *See* FED. R. CIV. P. 26(b)(1). However, the

Court concludes that the following documents are discoverable under Rule 26: MTC 00591, 00593, 00595, 00622, and 00623. Consequently, the Court grants the motion to compel the discovery of those three documents, but otherwise denies the motion.

The second discovery dispute follows a request to produce all documentation relating to an alleged "massage" given by a detainee to an MTC guard who is not a party to this lawsuit. For the reasons described at the hearing, this request is not reasonably calculated to lead to the discovery of admissible evidence in the instant case. Consequently, the Court will deny the motion to compel as to this request.

At the hearing on this Motion, the Court also agreed to review *in camera* the personnel file for Luz Duarte. Earlier, the Court had ruled that only items that predate Plaintiff's release from OCPF need be disclosed. After *in camera* review, the Court also orders Defendant to disclose the following documents: MTC 00560, 00561, 00564, 00565, and 00579.

IT IS SO ORDERED.

_____
HON. GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE