IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NANCY HERNANDEZ-RIOS,

    Plaintiff,

v.                                                                                    No. 09-CV-615 JC/GBW

MANAGEMENT & TRAINING CORPORATION

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Rule 59 Motion for New Trial and to Alter or Amend the Judgment, filed April 21, 2011 (Doc. 124)("Motion").  Plaintiff moves the Court to vacate its Final Judgment (Doc. 122) and "vacate and alter or amend its Memorandum Opinions and Orders (Docs 119, 120) [ ] in which the Court granted summary judgment in favor of Defendant" on Plaintiff's civil rights, common law, and punitive damages claims, and, instead, "deny [Defendant's] motion for summary judgment with respect to Plaintiff's claims of negligent supervision and control, on grounds that summary judgment in favor of [Defendant] as to these claims is clear and manifest error by the Court."  Motion ¶ 1.  Having considered the Motion, the Defendant's Response, the record, and the governing authority, the Court will deny Plaintiff's Motion.

**I.**    **Background**

Plaintiff Nancy Hernandez-Rios filed this action alleging that a correctional officer at the

Otero County Prison Facility ("OCPF") sexually assaulted her while she was in the custody of the United States Immigration and Customs Enforcement Department. *See generally* First Amended Complaint (Doc. 21). Plaintiff asserted the following causes of action against Defendant Management & Training Corporation ("MTC"), the corporation responsible for operating the OCPF: (I) trespass, assault, and battery; (II) negligence, including negligent supervision, hiring, and training; (III) intentional or negligent infliction of emotional distress; and (IV) violations of her civil rights under the United States and New Mexico constitutions. *Id.* Plaintiff sought compensatory and punitive damages. *Id.* Defendant filed two separate motions for summary judgment concurrently. The first sought summary disposition of Counts I, II, and III, as well as Plaintiff's punitive damages claims. The second sought summary judgment on Plaintiff's Civil Rights Claims (Count IV) and Supporting Memorandum (Doc. 68). The Court issued two separate Memoranda Opinions and Orders, granting both of Defendant's motions for summary judgment and disposing Plaintiff's claims in their entirety. *See* Docs. 119, 120 ("MOO I" and "MOO II," respectively). On April 1, 2011, the Court entered a separate Rule 58 Final Judgment on all claims. *See* Doc. 122. Plaintiff presently seeks partial reconsideration of the Court's summary disposition of her claims.

## II.     Legal Standard

Where, as here, a motion requests reconsideration of a final decision upon which final judgment has been entered, it will typically arise in one of two ways: (1) under Fed. R. Civ. P. 59 as a motion for a new trial or to alter or amend the judgment, if filed before or within 28 days following entry of the judgment; or (2) under Fed. R. Civ. P. 60 as a motion for relief from judgment, if filed subsequent to the 28 day period. *See Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005). Plaintiffs' Motion was filed within "28 days after the entry of the judgment"

and requests relief pursuant to Fed. R. Civ. P. 59.

A Rule 59(e) motion should be granted only upon the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted). Whether to grant or deny a motion to reconsider is committed to the Court's sound discretion. *Phelps v. Hamilton*, 122 F.3d 1309, 1324 910th Cir. 1997). A Rule 59(e) motion is not an opportunity to rehash arguments previously addressed or to advance new arguments that could have been raised in prior briefing. *Servants of Paraclete v. Does*, 204 F.3d at 2012.

### III.   Discussion

Plaintiff does not argue that there has been any intervening change in controlling law that compels the Court's reconsideration. Nor does Plaintiff present previously unavailable evidence warranting the Court's reconsideration. Plaintiff's sole challenge to the Court's disposition of her claims is that the Court committed clear and manifest error when granting summary judgment as to her claims for negligent supervision and control. *See* Motion ¶ 1. Plaintiff states, "put simply, the Court erred in granting MTC's summary judgment at least as to Plaintiff's claims of negligent supervision and control, because the evidence established that whether MTC negligently <u>supervised and/or controlled</u> its correctional officers in allowing the sexual assault to take place is an issue of fact. The Court should not have granted summary judgment as to Plaintiff"s negligent supervision and control claims (Doc. 120, pp. 4-4) which is manifest error that demands correction by the Court." Motion ¶ 9, at 2-7 (emphasis and parenthetical in original).

Plaintiff correctly identifies that whether or not she was sexually assaulted by

correctional officer Christopher Diaz presents a factual dispute. Indeed, there is a genuine issue as to whether an assault occurred, and the Court presumed, for purposes of its summary judgment analysis, that the alleged assault took place. However, Plaintiff's attempt to extend the favorable presumption she is entitled to on summary judgment to the question of negligence, or, as Plaintiff phrases it, whether Defendant "allowed" the assault, is unavailing. Plaintiff states that "there is *overwhelming* evidence from which a jury could conclude MTC was negligent in supervising and/or controlling its correctional officers, because MTC's own testimony established that *multiple* violations of MTC's policies and procedures would have taken place." Motion ¶ 11, at 1-6 (emphasis in original).

When responding to the issues raised on summary judgment, Plaintiff relied in significant part on the doctrine of *res ipsa loquitur* to establish a triable issue on her negligence claims. *See* Doc. 109 at 19-20. The Court carefully considered that doctrine and concluded that it did not extend to the circumstances presented here, lest the Court stretch the doctrine beyond its intended application and impermissibly shift the burden to MTC to prove non-negligence. Instead, the Court determined that an assault could take place absent employer negligence, and that Plaintiff had failed in her burden to present supporting evidence indicating that negligence on the part of MTC in its hiring, supervision or control caused the assault. MOO I (Doc. 119) at 9. Instead, the Court applied the governing law to the operative facts and determined that a reasonable jury could not properly conclude there was negligence on the part of MTC based on the assumption that Plaintiff was sexually assaulted by a correctional officer at the facility, and that such an act violates MTC policies.

**IV.     Conclusion**

In summary, the Court finds no intervening change in controlling law, new evidence

previously unavailable, or need to correct clear error or prevent manifest injustice. *See Servants of Paraclete*, 204 F.3d at 1012. Plaintiff failed to present sufficient evidence to resist summary judgement on her claims for negligent hiring, supervision or control on the part of MTC. Together, the Courts Memoranda Opinions and Orders (Docs. 119, 120) already addressed and resolved all issues raised in this Motion. Plaintiff's disagreement with the Court's rulings does not constitute manifest injustice or clear error for purposes of Rule 59, and Court's prior rulings will stand.

WHEREFORE,

**IT IS ORDERED** that Plaintiff's Rule 59 Motion for New Trial and to Alter or Amend the Judgment, filed April 21, 2011 (Doc. 124) is **DENIED.**

Dated December 29, 2011.

_____
SENIOR UNITED STATES DISTRICT JUDGE